```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**JESSIE JOINER and DEBORAH JOINER**                              **PLAINTIFFS**


VS.                               CIVIL ACTION NO. 3:06cv337-WHB-JCS


**MISSISSIPPI AG COMPANY,**
**DEERE & COMPANY, BRP US, INC., and**
**JOHN DOES 1-5**                                                 **DEFENDANTS**


## OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion to Remand and Motion for Remand-related Discovery. The Court has considered the Motions, Response to the Motion to Remand, attachments to each, as well as supporting and opposing authority and finds that the Motion to Remand is well taken and should be granted, and that the Motion for Remand-related Discovery should be denied as moot.

### I.    Factual Background and Procedural History

On December 5, 2004, Plaintiff Jesse Joiner was allegedly injured when the all-terrain vehicle ("ATV") he was operating "bolted in reverse" and turned over on him. On September 21, 2005, Plaintiffs filed a personal injury/products liability action in the Circuit Court of Holmes County, Mississippi, against Deere & Company ("Deere") and BRP US, Inc. ("BRP"), the alleged manufacturers of the subject ATV, and against Mississippi AG

Company ("MSAG"), the alleged seller of the subject ATV. Deere was personally served with a copy of the Complaint through its agent on September 28, 2005; BRP was served via certified mail on October 3, 2005; and MSAG was personally served through its agent on October 4, 2005. An Amended Complaint was filed on or about June 9, 2006, naming Bombardier Recreational Products, Inc., as a defendant to the lawsuit.[1]

On June 20, 2006, Deere and BRP ("Defendants") removed the lawsuit to this Court on the basis of diversity of citizenship jurisdiction. Federal courts have exclusive jurisdiction over civil cases in which the matter in controversy exceeds $75,000.00 and are between citizens of different states. 28 U.S.C. § 1332. Plaintiffs' Amended Complaint demands judgment in the amount of $20,000,000.00, thereby satisfying the jurisdictional prerequisite. For the purposes of diversity analysis, Deere and BRP US are foreign corporations, and are not citizens of the State of Mississippi. Notice of Removal, ¶¶ 10-11. Plaintiffs and defendant MSAG are both citizens of the State of Mississippi. Deere and BRP, however, assert that MSAG has been fraudulently joined as defendant in this case and, therefore, its citizenship should be disregarded when determining the issue of diversity. In

---

[1] There is no indication that Bombardier Recreational Products, Inc., was ever served a copy of the Amended Complaint. It has not joined in the subject removal, and does not appear as a named party in any of the pleadings filed with this Court.

support of this assertion, Defendants argue that Plaintiffs have no possibility of recovery against MSAG as it is immune from liability as an "innocent seller" under the Mississippi Products Liability Act ("MPLA"), codified at Miss. Code Ann. § 11-1-63, et seq.

Plaintiffs now seek to have this lawsuit remanded to state court on two grounds.  Procedurally, Plaintiffs argue that the case should remanded as it was untimely filed pursuant to 28 U.S.C. § 1446.  Substantively, Plaintiffs argue that the non-diverse MSAG has not been fraudulently joined as there exists a possibility they can recover against this defendant on their products liability claims.  As to their substantive grounds for remand, Plaintiffs have moved for remand-related discovery to determine whether MSAG "altered or modified" the subject ATV, which would excluded it as an "innocent seller" for the purposes of imposing liability under the MPLA.

## II.     Legal Analysis

### A.  Procedural Aspect of Removal

Plaintiffs argue that the Notice of Removal is procedurally defective because it was filed more than thirty days after the date on which the first defendant was served with a copy of the Complaint.  See Mem. in Supp. of Mot. to Remand, 1-2 (citing the first paragraph of 28 U.S.C. § 1446(b)).  In response, Defendants argue that removal was timely under the second paragraph of 28

U.S.C. § 1446(b) as it was effectuated within thirty days from the date on which they received "other paper" evidencing a basis for removal. The Court finds that Plaintiffs have articulated the correct standard to determine whether removal was timely.

The second paragraph of 28 U.S.C. § 1446(b) provides, in relevant part:

> If the case stated by the initial pleading is not removeable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable.

28 U.S.C. § 1446(b). Defendants contend that they first became aware that the case was removable upon receipt of a copy of the Motion for Summary Judgment filed by MSAG (the non-diverse defendant) in the state court proceeding. To support their position, Defendants cite <u>Miller v. BAS Technical Employment Placement Co.</u>, 130 F. Supp. 2d 777 (D. W. Va. 2001), a case in which the district court found that a motion for summary judgment filed by a defendant constituted "other paper" for the purposes of removal.

Regardless of the manner in which the term "other paper" is defined in the Fourth Circuit, this Court is obligated to follow precedent established by the United States Court of Appeals for the Fifth Circuit, *to wit*:

> Under 28 U.S.C. § 1446(b), when an action is not initially removable, the defendant has 30

4

>days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. The Fifth Circuit has indicated that the "other paper" conversion requires a **voluntary act by the plaintiff**. See Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961) (in explaining that "other paper" requires a voluntary act of the plaintiff, the court specifically noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court"). Further, this Court has held that the defendant's subjective knowledge cannot convert a case into a removable action. Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992)

S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). See also Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000) (finding that "'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."); Jamison v. Kerr-Magee Corp., 151 F. Supp. 2d 742, 745 (S.D. Miss. 2001).

In the case sub judice, the Court finds that the Motion for Summary Judgment filed by MSAG cannot serve as "other paper" for the purposes of 28 U.S.C. § 1446(b). The Fifth Circuit has specifically found "that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one." S.W.S. Erectors, 72 F.3d at 494. The Fifth Circuit has also held that an "affidavit, created entirely by the defendant, is not 'other paper' under

section 1446(b) and cannot start the accrual of the 30-day period for removing."  Id.

This Court finds that motion for summary judgment drafted by a defendant and supported by affidavits that are likewise created by a defendant and based on its employees' subjective knowledge, cannot be considered "other paper" under controlling Fifth Circuit precedent.  Without "other paper," the second paragraph of Section 1446(b) was never implicated, and Defendants were not afforded a second thirty-day opportunity in which to remove this case.  Accordingly, the Court finds, as argued by Plaintiffs, that this case had to be removed within thirty days of the date on which the first defendant was served with a copy of the Complaint for the removal to be timely under the first paragraph of 28 U.S.C. § 1446(b).  As the case was not removed within the initial thirty-day period, the Court finds that the case was not timely removed and must be remanded.

### III.   Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand [Docket No. 3] is hereby granted with the parties to bear their own costs.

IT IS FURTHER ORDERED that the Plaintiffs' Motion for Remand-related Discovery [Docket No. 5] is hereby denied as moot.

SO ORDERED this the 10th day of October, 2006.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE